Filed 4/2/25  Briand v. Garfield Beach CVS CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| WILLIAM BRIAND,<br><br>          Plaintiff and Appellant,<br><br>     v.<br><br>GARFIELD BEACH CVS, LLC, et al.,<br><br>          Defendants and Respondents. | B330679<br><br>Los Angeles County<br>Super. Ct. No. 21STCV06449 |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.
        William Briand, in pro. per., for Plaintiff and Appellant.
        La Follette, Johnson, DeHaas, Fesler & Ames, Merna Abdelmalak and Robert J. Iacopino for Defendant and Respondent Garfield Beach CVS, LLC.
        Logan Mathevosian & Hur, Elise H. Hur for Defendant and Respondent County of Los Angeles.

                    _____

William Briand sued Garfield Beach CVS, LLC (CVS) and the County of Los Angeles (County) for injuries he allegedly suffered on December 22, *2014*. He filed his case on February 17, *2021*. The statute of limitations bars this claim. The trial court properly sustained the defendants' demurrers without leave to amend. Unspecified citations are to the Code of Civil Procedure.

I

The operative pleading is the first amended complaint, which Briand verified and filed on November 30, 2021. This pleading alleges CVS employees assaulted, beat up, hog tied, and pinned down Briand, and injured his back and spine behind the closed security office doors in the CVS Store Employees Security Room. The complaint does not link this incident to the County.

The date connected to this incident in the amended complaint is December 22, 2014. The complaint requests over one billion dollars in damages.

Briand was incarcerated from June 26, 2017 through June 3, 2018.

Nothing in the record suggests Briand served the original February 2021 complaint on a defendant. The earliest Briand served his first amended complaint on a defendant was November 2022.

In January 2023, CVS and the County demurred to the first amended complaint. Both argued Briand had missed the statute of limitations.

Two days before the March 29, 2023 hearing on the demurrers, Briand filed a request to continue the hearing. He declared he had undergone surgery on March 15 and would have another surgery the first week of April. He did not say he was in the hospital or otherwise unavailable. He declared, "I won't be

2

able to adequately represent and speak clearly without the possibility of stuttering over my vocabulary when trying to address the court in a respectful manner so I will need time."

Briand did not appear at the hearing. The trial court denied his request for a continuance and sustained the demurrers without leave to amend. The court reasoned that Briand missed the filing deadline and had not suggested how he possibly could plead facts that would solve this problem.

Briand appealed.

Five months after the demurrer hearing, Briand submitted to the trial court a copy of a letter from Cedars Sinai that he said proved his hospital admittance and supported his need for a continuance of that hearing. The letter was undated. It did not refer to hospital admittance or mention a duration of treatment or length of stay.

## II

We affirm the trial court's sound reasoning, both as to the continuance and as to the demurrer.

## A

When deciding whether to grant a continuance, trial courts balance calendar efficiency against the importance of deciding matters on the merits. (*Mai v. HKT Cal, Inc.* (2021) 66 Cal.App. 5th 504, 526.) The parties agree abuse of discretion is the standard of review. (See *Ohmer v. Superior Court* (1983) 148 Cal.App.3d 661, 666.)

The trial court saw no need for a continuance. It likewise assessed the merits of this case based on the statute of limitations. The trial court did not abuse its discretion by deciding a continuance was unwarranted.

B

The parties agree (1) we independently review pleading challenges and (2) we review decisions about leave to amend for abuse of discretion.

A two-year statute of limitations governs this case. Though Briand listed some 70 causes of action in the caption of the complaint, the facts he alleged support only tort claims. The statute of limitations for a civil tort claim in California is two years. (§ 335.1.) In the trial court, Briand argued he listed 42 United States Code Section 1983 claims on his caption, so the statute of limitations should be three years under Section 338. This argument was incorrect. Federal law looks to the relevant state law for statutes of limitations where the federal statute implicated was enacted before 1990. (*Wilson v. Garcia* (1985) 471 U.S. 261, 275-276; *see Jones v. R. R. Donnelley & Sons Co.* (2004) 541 U.S. 369, 382.)

Briand made several claims about tolling. One, which Briand made in the trial court, is he was incarcerated between the incident and the filing date. He implies he was also incarcerated for another but unspecified period.

For the sake of argument, we will suppose the statute of limitations for some of Briand's claims was three years. The underlying incident occurred in December 2014. About two and a half years passed before Briand was incarcerated. He was in prison for about a year, from June 2017 to June 2018. Another period of more than two and a half years then followed before Briand first filed his case in February 2021.

Even if we tolled for the period of Briand's incarceration, he filed more than five years after the incident: at least two years too late.

4

Briand also claimed tolling due to COVID-19. The COVID-19 pandemic did not reduce access to the courts until April 2020. (Rule 9(a) of the Emergency Rules of Court Related to COVID-19.)  Were we to add this to the tolling calculation, Briand still would have filed more than four years after the incident and at least a year too late.

Briand makes other statements regarding disability, but does not establish a reasoned argument as to how health problems prevented him from filing before the statutory deadline or appearing at the demurrer hearing.

C

The trial court did not abuse its discretion in deciding not to allow Briand leave to amend his complaint.  Briand could not state a timely claim on the facts he alleged.  Briand's briefing recognizes he carries this burden but omits facts or law that might alter this conclusion.  We grant Briand's oral request for judicial notice.  This does not affect our analysis.

<strong>DISPOSITION</strong>

We affirm the order.  The parties are to bear their own costs.


WILEY, J.


We concur:


GRIMES, ACTING P. J.       VIRAMONTES, J.

5